**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY JORDAN,<br><br>             Plaintiff,<br><br>     v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>             Defendant. | Case No. **'20CV2216 BAS MDD**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes JOHNNY JORDAN ("Plaintiff"), by and through the undersigned, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within, the Southern District of California.

## PARTIES

4. Plaintiff is a consumer over 18 years of age.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. As reflected on its website, Defendant is a self-proclaimed debt collector.[1] Defendant is a corporation organized under the laws of the state of Kansas, with its principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject consumer debt") said to be owed by Plaintiff.

10. The subject debts stems from Plaintiff's purportedly defaulted payments said to be owed in connection with a credit card issued through Credit One Bank, N.A. ("Credit One") which Plaintiff used for his personal purposes.

---

[1] https://www.midlandcreditonline.com/who-is-mcm/

11. Upon information and belief, after Plaintiff's purported default on the subject debt the subject debt was charged off and sold to Defendant.

12. In approximately September 2020, Defendant was attempting to collect upon the subject debt from Plaintiff.

13. In connection therewith, Defendant sent or caused to be sent to Plaintiff a series of collection letters attempting to collect upon the subject debt.

14. In response to such letters, Plaintiff contacted Defendant in an effort to make payment on the subject debt.

15. Plaintiff informed Defendant that he wanted to address the subject debt, and that he would make payment via money order.

16. Defendant informed Plaintiff that Defendant does not accept money orders, and would instead require Plaintiff's bank account information in order to accept payment.

17. Plaintiff was extremely confused and frustrated as to why Defendant was unwilling to accept his preferred form of payment.

18. Plaintiff's confusion and frustration was exacerbated by the fact that the collection letters Defendant sent him provide Defendant's website as a resource where Plaintiff and consumers can get more information on how to go about making payment.

19. Defendant's website clearly indicates that money orders are an acceptable form of payment.[2]

20. Sometime in October 2020, Plaintiff again contacted Defendant in an effort to make payment, further attempting to make payment via money order.

21. Defendant's representative again informed Plaintiff that it does not accept payments via money order, and would need Plaintiff's bank account information to accept his payment.

---

[2] https://www.midlandcredit.com/payment-options/

22. Plaintiff expressed his confusion and frustration to Defendant's representative given Plaintiff's sincere desire to address the subject debt, as well as the fact that Defendant's collection letters and website explicitly stated that Defendant accepts money orders.

23. On or about November 5, 2020, Plaintiff received another collection letter from Defendant which stated that if Plaintiff did not make payment on the subject debt by November 27, 2020, the subject debt would be sent to a lawyer with the intent that a lawsuit be filed to collect the balance.

24. Plaintiff became even further frustrated after reading Defendant's collection letter, as he could not believe he was now being threatened with litigation on a debt which he had attempted to address with Defendant on multiple prior occasions.

25. As a result of Plaintiff's frustration and confusion, he again contacted Defendant, and again stated that he could make payment via money order.

26. This time, Defendant's representative was willing to accept Plaintiff's payment via money order.

27. Plaintiff informed Defendant that he could have his money order sent by December 1, 2020.

28. Defendant advised that they would need payment by November 27, 2020 in order to prevent the litigation, and that the only way to do that would be to provide Defendant with his bank account information.

29. Defendant's representation as to the immediacy with which litigation would follow if payment were not received by November 27, 2020 was false, deceptive, and misleading given the extent to which it conflicts with the information contained in the collection letter Plaintiff received, and further given the realities surrounding the collection efforts made against Plaintiff.

30. Upon information and belief, Defendant's entire collection efforts were designed to acquire Plaintiff's bank account information, despite Plaintiff's repeated assertions that he would not provide this information and instead would make payment via money order.

31. Upon information and belief, Defendant engages in a pattern and practice of lying and misinforming consumers as to the options to go about making payments on the debts upon which Defendant attempts to collect in an effort to gather personal, sensitive, and confidential information from such consumers.

32. Frustrated, concerned, and confused by the nature of Defendant's collection efforts, Plaintiff spoke with the undersigned regarding his rights, resulting in the expenditure of time and resources.

33. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to emotional distress, anxiety, frustration caused by Defendant's refusal to accept Plaintiff's payments, distress stemming from being repeatedly denied the ability to make payment on the subject debt, aggravation, mental anguish, confusion, the harm commensurate with being lied to and deceived in violation of an anti-trickery statute, and a violation of his state and federally protected interests to be free from harassing, deceptive, misleading, and unfair debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

36. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

37. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

38. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692d**

39. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

40. Defendant violated § 1692d through the way in which it harassingly and oppressively refused to accept Plaintiff's payments in connection with the subject debt. Despite Plaintiff's repeated attempts to pay the subject debt via money order, Defendant's representatives harassingly attempted to compel Plaintiff to make payment by providing his bank account information instead. Such conduct had the natural consequence of harassing, oppressing, and abusing Plaintiff – a consumer who was merely trying to address the subject debt and move on with his life.

41. Defendant further violated § 1692d when it threatened Plaintiff with litigation in the event his money order was not received by November 27th. Defendant's conduct in this regard was designed to scare and harass Plaintiff into paying the subject debt through a medium which Defendant knew Plaintiff did not want to utilize. Defendant harassingly referenced litigation hoping such heightened pressure would compel Plaintiff to make payment via his bank account.

**b. Violations of the FDCPA § 1692e**

42. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

43. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

44. Defendant violated 15 U.S.C. §§ 1692e & e(10) when it falsely, deceptively, and misleadingly represented to Plaintiff that it does did not accept money orders as payment. On multiple occasions, Defendant informed Plaintiff it does not accept money orders, and would instead need Plaintiff's bank account information. However, such representations run directly

6

contrary to Defendant's collection letters, website, and subsequent contradictory representation that it would accept a money order as payment. Defendant's false, deceptive, and misleading representations were designed to misinform and trick Plaintiff into providing his bank account information to Defendant when Plaintiff was otherwise unwilling to do so. Upon information and belief, Defendant engages in a pattern and practice of lying to consumers who attempt to make payment via money order in order to compel such consumers to make payment through a means that would provide Defendant with more substantial information regarding the consumer(s) from whom it attempts to collect.

45. Defendant further violated §§ 1692e and e(10) through the false and deceptive representation that if Plaintiff's money order was sent in on December 1st the threatened litigation would proceed notwithstanding the payment.

### c. Violations of FDCPA § 1692f

46. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

47. Defendant violated 15 U.S.C. § 1692f when it unfairly refused to accept Plaintiff's payments. Defendant unfairly attempted to compel Plaintiff's payment on the subject debt to be made in a manner which Defendant preferred, rather than in the manner Plaintiff desired. Such conduct, engaged in by a seasoned debt collector against a vulnerable consumer, is inherently unfair and unconscionable.

WHEREFORE, Plaintiff, JOHNNY JORDAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 13, 2020              Respectfully submitted,

                                               /s/Alejandro E. Figueroa
                                               Alejandro E. Figueroa, Esq.
                                               California Bar No. 332132
                                               *Counsel for Plaintiff*
                                               Sulaiman Law Group, Ltd
                                               2500 S Highland Ave, Suite 200
                                               Lombard, IL 60148
                                               Telephone: (630) 575-8181 Ext. 120
                                               alejandrof@sulaimanlaw.com